884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard POORMAN, Plaintiff-Appellant,
v.
QUALITY INN, Defendant-Appellee.
 No. 89-1159.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and THOMAS A. HIGGINS, District Judge.*
 
 ORDER
 
 2
 Richard Poorman, a Kentucky prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Poorman brought suit against a Pontiac, Michigan, hotel. Poorman claimed that the hotel violated his civil rights by conspiring to have him arrested and by taking his property.
 
 
 4
 The district court dismissed Poorman's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Upon review, we affirm the district court's holding that Poorman's complaint is frivolous. We note, however, that the standard for "frivolousness" was recently addressed by the Supreme Court in Neitze v. Williams, 109 S.Ct. 1827 (1989). In discussing the scope of 28 U.S.C. Sec. 1915(d), the Court stated that "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitze, 109 S.Ct. at 1833. Poorman's allegations are indeed frivolous under this standard as his suit was filed against a private entity which is simply not subject to suit under 42 U.S.C. Sec. 1983, which was the basis of his complaint notwithstanding his argument to the contrary on appeal.
 
 
 6
 Accordingly, for the reasons set forth in the district court's order of dismissal dated January 12, 1988, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation